# UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

SHAUNTE SANFORD,

    Plaintiff,

-vs-                          CASE NO.:


EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, UPSTART
NETWORK, INC., LENDINGPOINT
LLC, and COLLINS ASSET GROUP, LLC,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Shaunte Sanford (hereinafter "Plaintiff"), sues Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, Upstart Network, Inc., Lendingpoint LLC, and Collins Asset Group, LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4.      Venue is proper in this District as Plaintiff is a natural person and a resident of Gwinnett County, GA; the violations described in this Complaint occurred in this District; and the Defendants each transact business within this district.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6.      Equifax Information Services LLC ("Equifax") is a corporation incorporated under the laws of the State of Georgia. Its registered agent is Lisa Stockard, 1550 Peachtree Street NW, Atlanta, GA 30309.

2

7.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9.     Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation incorporated under the laws of the State of California, authorized to conduct business in the State of Georgia through its registered agent, CT Corporation System, located at 289 S. Culver St., Lawrenceville, GA 30046.

10.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

12.   Trans Union LLC (hereinafter "Trans Union"), is a corporation with its principal place of business located in Chicago, IL, authorized to conduct business in the State of Georgia through its registered agent, Prentice-Hall Corporation System, located at 40 Technology Parkway South, #300, Norcross, GA 30092.

13.   Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14.   Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

15.   Upstart Network, Inc. ("Upstart") is a corporation with a principal place of business located in Delaware, which is authorized to conduct business in the State of Georgia through its registered agent Corporation Service Company, located at 40 Technology Parkway South, # 300, Norcross, GA 30092.

16.   Upstart is a "furnisher" of information pursuant to the FCRA.

17.    Lendingpoint LLC ("Lendingpoint") is a corporation with its principal place of business in Georgia. Its registered agent is CT Corporation System, located at 289 S. Culver St., Lawrenceville, GA 30046.

18.    Lendingpoint is a "furnisher" of information pursuant to the FCRA.

19.    Collins Asset Group, LLC ("Collins") is a corporation with its principal place of business located at 5725 W. Highway 290, Suite 103, Austin, TX 78735, authorized to conduct business in the State of Georgia  through its registered agent, URS Agents, Inc. (CA), 3675 Crestwood Parkway Suite 350, Duluth, GA 30096.

## FACTUAL ALLEGATIONS

20.    Equifax, Experian, and Trans Union are the "big three" credit reporting agencies in America.

21.    In mid-2020 it came to Plaintiff's attention that his Equifax, Experian, and TransUnion credit reports contained many errors.

22.    First, the reports inaccurately indicated that Plaintiff had formerly resided at two addresses in New York that did not belong to him.

23.    Second, the reports contained a social security number that did not belong to Plaintiff.

24.    Third, the reports contained accounts with Upstart, Lendingpoint, and Collins that did not belong to Plaintiff.

25.    Plaintiff disputed these inaccuracies with Equifax, Experian, and Trans Union.

26.    Equifax never responded to Plaintiff's dispute, which is a violation of the FCRA in itself.

27.    Experian responded to Plaintiff's dispute by verifying the false information it is reporting about Plaintiff.

28.    Trans Union responded to Plaintiff's dispute by verifying the false information it is reporting about Plaintiff.

29.    In response to Plaintiff's dispute, Upstart verified the false information it is furnishing to Equifax, Experian, and Trans Union.

30.    In response to Plaintiff's dispute, Lendingpoint verified the false information it is furnishing to Equifax, Experian, and Trans Union.

31.    In response to Plaintiff's dispute, Collins verified the false information it is furnishing to Equifax, Experian, and Trans Union.

32.   Plaintiff has never had any account or business dealings with Upstart, Lendingpoint, or Collins, and to this date does not understand why these companies are furnishing information to credit reporting agencies about Plaintiff.

33.   To date, Equifax, Experian, and Trans Union continue to report the false information being furnished by Upstart, Lendingpoint, and Collins.

34.   The false information being furnishing by Upstart, Lendingpoint, and Collins, and subsequently reported by Equifax, Experian, and Trans Union, has caused Plaintiff's credit score to plummet.

35.   The false information being furnishing by Upstart, Lendingpoint, and Collins, and subsequently reported by Equifax, Experian, and Trans Union, has caused Plaintiff to suffer from stress, anger, worry, sleeplessness, and loss of personal time.

## CAUSES OF ACTION

### COUNT I
**Violations of the Fair Credit Reporting Act as to Equifax**

36.   Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set forth herein.

37.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

38.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered a diminished credit score, loss of his personal time, and emotional distress.

39.    Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

40.    The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

41.    Equifax knew or should have known the accounts in question were inaccurate based on the documentation provided by Plaintiff, yet continues to report that information.

    **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages,

punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT II
## Violations of the Fair Credit Reporting Act as to Equifax

42.    Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set forth herein.

43.    Equifax   violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

44.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage by reduced credit score, of the ability to purchase and benefit from credit, and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report.

45.    Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined

by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

46.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

   **WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## <u>COUNT III</u>
### Violations of the Fair Credit Reporting Act as to Experian

47.    Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set forth herein.

48.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered loss of his personal time, emotional distress, and a diminished credit score.

50.   Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

51.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

52.   Experian had all the information it needed to determine that the information it is reporting is false, but failed to do so.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
### Violations of the Fair Credit Reporting Act as to Experian

53.    Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set forth herein.

54.    Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

55.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage by reduced credit score, loss of the ability to purchase and benefit from credit, and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report.

56.    Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

57.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT IV
### Violations of the Fair Credit Reporting Act as to Trans Union

58.    Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set forth herein.

59.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

60.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered a reduced credit score, loss of his personal time, and emotional distress.

61.     Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

62.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

63.     Trans Union knew or should have known the accounts in question were inaccurate based on the documentation provided by Plaintiff, yet continues to report that information.

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Trans Union, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI
### Violations of the Fair Credit Reporting Act as to Trans Union

64.    Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set forth herein.

65.    Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

66.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage by reduced credit score, loss of the ability to purchase and benefit from credit, and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report.

67.    Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

68.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Trans Union, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT VII
### Violations of the Fair Credit Reporting Act as to Upstart

69.    Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set forth herein.

70.    Upstart furnished inaccurate representations to credit reporting agencies and through those credit reporting agencies to all of Plaintiff's potential lenders on multiple occasions.

71.    Upstart violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

72.    Upstart violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union after it had been notified that the information it was furnishing was inaccurate.

73.    Upstart did not have any reasonable basis to believe that Plaintiff was ever responsible for the account. It also had substantial evidence by which to have verified that Plaintiff was not responsible. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the information it furnished about Plaintiff.

74.    As a result of the conduct, action and inaction of Upstart, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, reduced credit score, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score/a credit report that has a derogatory remark.

75.    Upstart's conduct, action, and/or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

76.     Plaintiff is entitled to recover his reasonable attorney's fees and costs from Upstart in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

        **WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Upstart to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT VIII</u>
**Violations of the Fair Credit Reporting Act as to Lendingpoint**

77.     Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set forth herein.

78.     Lendingpoint furnished inaccurate representations to credit reporting agencies and through those credit reporting agencies to all of Plaintiff's potential lenders on multiple occasions.

79.     Lendingpoint violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate

investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

80.    Lendingpoint violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union after it had been notified that the information it was furnishing was inaccurate.

81.    Lendingpoint did not have any reasonable basis to believe that Plaintiff was ever responsible for the account. It also had substantial evidence by which to have verified that Plaintiff was not responsible. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the information it furnished about Plaintiff.

82.    As a result of the conduct, action and inaction of Lendingpoint, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, reduced credit score, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score/a credit report that has a derogatory remark.

83.    Lendingpoint's conduct, action, and/or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

84.    Plaintiff is entitled to recover his reasonable attorney's fees and costs from Lendingpoint in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Lendingpoint to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT IX</u>
### Violations of the Fair Credit Reporting Act as to Collins

85.    Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set forth herein.

86.    Collins furnished inaccurate representations to credit reporting agencies and through those credit reporting agencies to all of Plaintiff's potential lenders on multiple occasions.

87.     Collins violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

88.     Collins violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union after it had been notified that the information it was furnishing was inaccurate.

89.     Collins did not have any reasonable basis to believe that Plaintiff was ever responsible for the account. It also had substantial evidence by which to have verified that Plaintiff was not responsible. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the information it furnished about Plaintiff.

90.     As a result of the conduct, action and inaction of Collins, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, reduced credit score, and mental and emotional pain stemming from the anguish, humiliation, and

embarrassment of a diminished credit score/a credit report that has a derogatory remark.

91.     Collins conduct, action, and/or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

92.     Plaintiff is entitled to recover his reasonable attorney's fees and costs from Collins in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Collins to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Octavio "Tav" Gomez*
Octavio "Tav" Gomez, Esquire
Georgia Bar No.: 617963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
TGomez@ForThePeople.com
FKerney@ForThePeople.com
*Attorney for Plaintiff*